FILED

February 16 2016

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 15-0436

DA 15-0436

IN THE SUPREME COURT OF THE STATE OF MONTANA

2016 MT 37N

IN RE THE PARENTING OF:

G.C.L.,

 Minor,

BRIAN R. BERTOGLIO,

 Petitioner and Appellee,

 and

JENNY M. LUDEMAN,

 Respondent and Appellant.

APPEAL FROM: District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause No. DR-11-341
Honorable Robert L. Deschamps, III, Presiding Judge

COUNSEL OF RECORD:

 For Appellant:

  Howard Toole, Attorney at Law, Missoula, Montana

 For Appellee:

  Brad L. Belke, Attorney at Law, Butte, Montana

Submitted on Briefs: January 20, 2016
Decided: February 16, 2016

Filed:

_____
Clerk

Justice Patricia Cotter delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2      Jenny Ludeman (Ludeman) appeals from an order entered by a Standing Master of the Fourth Judicial District Court dismissing this case. We affirm.

¶3      Ludeman gave birth to a child, G.C.L., on December 17, 2009. Brian Bertoglio (Bertoglio) is the child's father. Ludeman and Bertoglio were never married and their relationship deteriorated. On May 20, 2011, Bertoglio petitioned the Fourth Judicial District Court, Missoula County for an order establishing a parenting plan and granting him primary custody of G.C.L. At the time of the petition, G.C.L. lived with her mother in Missoula. Ludeman responded pro se on July 26, 2011, and requested that the District Court adopt her proposed parenting plan and enter an order requiring Bertoglio to pay child support. Ludeman filed her proposed parenting plan on October 26, 2011. It is undisputed that since October, 2011, neither party has actively pursued the case in Missoula County. In 2013, Ludeman moved to California. G.C.L. remained with her maternal grandparents in Missoula for over a year before Ludeman brought G.C.L. to live with her in California.

¶4      On May 27, 2014, Bertoglio filed another petition for a parenting plan and an order granting him primary custody of G.C.L., this time with the Second Judicial District

2

Court, Silver Bow County. Bertoglio has been stationed with the U.S. Army in various locales, but he maintains his legal residency in Butte. Ludeman failed to appear or respond to this petition, and her default was entered. On December 19, 2014, the District Court in Butte granted Bertoglio primary custody of G.C.L. and authorized him to travel to California to enforce the order and take custody of G.C.L.

¶5 In March of 2015, a California Children's Social Worker was alerted to possible neglect of G.C.L. by Ludeman. This allegation initiated a months-long inquiry into G.C.L.'s welfare. On May 27, 2015, a court in California granted a Children's Social Worker's request to remove G.C.L. from Ludeman's custody. The child was removed and placed with Bertoglio on June 1, 2015, and she remains with her father.

¶6 On April 29, 2015, Bertoglio moved to dismiss the case pending in the Fourth Judicial District Court, Missoula County for failure to prosecute. Ludeman opposed the motion. The Standing Master dismissed the case on other grounds; Ludeman appeals the dismissal.

¶7 Although Ludeman brings her appeal on the basis that the District Court abused its discretion in dismissing the Missoula case, she does not present any argument on appeal to support her claim. Rather, she complains in her briefs of actions taken in the Silver Bow County and California custody cases—matters outside the jurisdiction of the Fourth Judicial District Court and thus beyond the ambit of this appeal. We can address here only the propriety of the order dismissing the instant case. Because Ludeman has failed to support her claim of error with any argument or authority, as she is required to do under Rule 12(1)(g) of the Montana Rules of Appellate Procedure, she has failed to carry

her burden of proving error on the part of the District Court. "We have repeatedly held that it is not this Court's obligation to conduct legal research on behalf of a party or to develop legal analysis that might support a party's position." *State v. Cybulski*, 2009 MT 70, ¶ 13, 349 Mont. 429, 204 P.3d 7 (citing *State v. Torgerson*, 2008 MT 303, ¶ 36, 345 Mont. 532, 192 P.3d 695). Therefore, we affirm the decision of the Fourth Judicial District Court dismissing the case.

¶8 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶9 Affirmed.

/S/ PATRICIA COTTER

We Concur:

/S/ MIKE McGRATH
/S/ MICHAEL E WHEAT
/S/ JIM RICE